Honorable Bob Bullock Comptroller of Public Accounts L.B.J. State Office Building Austin, Texas 78774
Re: Whether certain activities of an independent claims investigator or adjustor constitute a taxable insurance service under section 151.0039 of the Insurance Code, and related questions (RQ-1564)
Dear Mr. Bullock:
The second called session of the 70th Legislature amended the Texas Limited Sales, excise, and Use Tax Act, chapter 151 of the Tax Code, to create several new categories of taxable services, including insurance services. Tax Code § 151.0101(a)(9). See Acts 1987, 70th Leg., 2d C.S., ch. 5, art. 1, pt. 4, § 12.
The legislature defined "insurance service" as follows:
 (a) `Insurance service' means insurance loss or damage appraisal, insurance inspection, insurance investigation, insurance actuarial analysis or research, insurance claims adjustment or claims processing, or insurance loss prevention service.
 (b) `Insurance service' does not include insurance coverage for which a premium is paid or commissions paid to insurance agents for the sale of insurance or annuities. (Emphasis added.)
Tax Code § 151.0039, as added by Acts 1987, 70th Leg., 2d C.S., ch. 5, art. 1, pt. 4, § 6.
In your letter requesting an opinion, you note that a number of businesses specialize in providing independent claims investigations and adjustments for insurance companies, individuals pursuing claims against insurance companies, and attorneys representing insurance companies or claimants. You also note that such firms investigate whether an accident covered by insurance or workmen's compensation occurred and the cause and extent of the damages covered by an insurance or workmen's compensation policy.
You first ask:
 If these services are retained by an insurance company in connection with the resolution of an insurance claim, is this a taxable insurance service under § 151.0039 of the Tax Code?
We think that the exclusion of "coverage for which a premiums is paid" from the definition of "insurance service" simply means that a transaction that consists of the payment of a premium for insurance coverage is not a taxable event. It does not mean that any expenditure for which the premium is ultimately used by the insurer is not a taxable event.
Further, the definition of "insurance service" expressly includes the items you ask about. Thus, the suggested reading of the plain language of the Tax Code would render the provision making insurance services a taxable item meaningless. The legislature cannot have intended such an absurd result. See, e.g., City of Houston v. Allred, 71 S.W.2d 251 (Tex. 1934).
You next ask:
 If question 1 is answered `yes,' if these services are retained by an insurance company after it has made an offer of claims settlement and has been sued by the insured, would this still be a taxable insurance service under § 151.0039 of the Tax Code?
We do not believe that the timing of the engagement of an insurance service firm makes any difference.
You next ask:
 If these services are retained by the insured as an aid to his determination of whether he has a valid claim or should accept an insurance company's settlement offer rather than being retained by the insurance company, would this be a taxable insurance service under § 151.0039 of the Tax Code? (Our emphasis.)
The statute provides no basis for distinguishing among purchasers of insurance services.
Finally, you ask:
 Does taxability turn on whether the services are retained by a private individual, by an attorney, or by an insurance company?
Again, the statute provides no ground for the distinctions you suggest.
 SUMMARY
The exclusion of "insurance coverage for which a premium is paid" from the definition of "insurance coverage" simply means that a transaction that consists of the payment of a premium for insurance coverage is not a taxable event. It does not mean that any expenditure for which the premium is ultimately used by the insurer is not a taxable event.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller First Assistant Attorney General
 Lou McCreary Executive Assistant Attorney General
 Judge Zollie Steakley Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by D.R. Bustion, II Assistant Attorney General